***********
The following exhibits were received into evidence at the hearing before the Deputy Commissioner:
1. The Opinion and Award filed on November 4, 1997 in I.C. No. 636854, Donald Clark v. Danny Mitchell d/b/a Mitchell's Custom Cabinets.
2. The Amended Opinion and Award filed on January 16, 1998 in I.C. No. 636854.
 ***********
The Full Commission has reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Berger. The appealing party has not shown good grounds to reconsider the evidence. The Full Commission AFFIRMS the Decision and Order of the Deputy Commissioner.
 FINDINGS OF FACT
1. From December 31, 1995 to April 26, 1996, defendant regularly employed three or more employees. During this time period, defendant willfully refused or neglected to secure workers' compensation coverage for his employees.
2. On April 26, 1996, Donald Clark sustained an injury by accident arising out of and in the course and scope of his employment with defendant. Defendant neglected to obtain workers' compensation insurance to cover his employees including Mr. Clark on April 26, 1996. Defendant had the ability and authority to bring his business into compliance with N.C. Gen. Stat. § 97-93.
3. Defendant obtained workers' compensation coverage as of June 25, 1996, continuing through the time in which he testified he dissolved his business by declaring bankruptcy.
4. Defendant had a judgment against him in the workers' compensation claim I.C. No. 636854, Donald Clark v. Danny Mitchell d/b/a Mitchell'sCustom Cabinets pursuant to the Opinion and Award of Deputy Commissioner Morgan S. Chapman filed March 27, 1997. This decision was upheld by the Full Commission by an Opinion and Award dated November 4, 1997. In such decisions, defendant was required to pay 5 weeks of temporary total disability compensation at the rate of $250.72 per week, subject to a $450.00 credit, all medical expenses incurred by the injured worker and attorney's fees in the amount of 25 % of the compensation awarded. The Full Commission additionally assessed appellate attorney fees in the amount of $1,000.00.
5. On January 16, 1998, the Full Commission issued an amended order, adding permanent partial disability compensation to be paid by defendant in the amount of $250.72 per week for twenty and one-fourth weeks for the permanent injury to plaintiff's left thumb.
6. On April 19, 1999, the Full Commission issued a show cause order for defendant to appear on May 25, 1999 before the Full Commission and show why he should not be adjudged in willful contempt of the Industrial Commission and its orders.
7. On May 25, 1999, the Full Commission continued the hearing on the show cause order as a result of defendant's agreement with the Industrial Commission to pay $200.00 a month until the entire judgment of $5,880.68 owed to Mr. Clark was paid by defendant. The Full Commission held in abeyance the penalty hearing in this matter pending defendant's compliance with this payment agreement.
8. Defendant testified at the hearing before Deputy Commissioner Berger that he filed for bankruptcy and successfully obtained a discharge of the $5,880.68 judgment resulting from the Opinion and Award in I.C. No. 636854.
9. Defendant is a skilled carpenter capable of obtaining a job in the area where he lives earning $1,600.00 a month. Defendant's spouse earns enough income to cover all household expenses. Defendant has the ability to pay $500.00 a month toward the penalties assessed below.
 ***********
Based upon the forgoing findings of fact the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Any employer required to secure the payment of compensation who refuses or neglects to secure such compensation shall be punished by a penalty of $1.00 for each employee, but not less than $50.00 nor more than $100.00 for each day of such refusal or neglect, and until the same ceases. N.C. Gen. Stat. § 97-93(b).
2. Defendant had the ability and authority to bring his business into compliance with N.C. Gen. Stat. § 97-93 and may be assessed a penalty equal to 100% of the amount of compensation due to defendant's employees injured during the time defendant failed to comply with N.C. Gen. Stat. § 97-93. N.C. Gen. Stat. § 97-94(d).
 ***********
Based upon the forgoing findings of facts and conclusion of law, the Full Commission makes the following:
 AWARD
1. Pursuant to N.C. Gen. Stat. § 97-93(b), a penalty is assessed against defendant in the amount of $50.00 per day beginning December 31, 1995 to June 25, 1996 for a total amount of $5,850.00.
2. Pursuant to N.C. Gen. Stat. § 97-93(d), an additional penalty is assessed against defendant in the amount of $5,880.68.
3. The penalty amounts in paragraphs 1 and 2 above shall be paid by check in monthly installments of $500.00 that shall be received by the 1st of each month beginning August 1, 2002. Each check shall be made payable to the Industrial Commission and sent directly to Kay Emanuel at the Industrial Commission. Failure to make timely payments to the Industrial Commission will result in the initiation of contempt proceedings.
4. Defendant shall pay the costs.
 ***********
This the ___ day of March 2003.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/________________ BERNADINE BALLANCE COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER